UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

RAY A. YOUNG,

        Petitioner,

        v.                                            Case No. 10-C-0384

STATE OF WISCONSIN,
RABEKAH POLASKI,
GEORGIA M. YOUNG,

        Respondents.

ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS (DOC. # 2),
DENYING PETITION FOR WRIT OF HABEAS CORPUS (DOC. # 1), DENYING
CERTIFICATE OF APPEALABILITY AND DISMISSING CASE

Ray A. Young filed a this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and his revocation sentence were imposed in violation of the United States Constitution.[1] Young submits that he was convicted of violating a restraining order in Milwaukee County Circuit Court on February 23, 2010, and sentenced to nine months incarceration[2] followed by eighteen months of probation. He indicates that he is appealing this conviction. However, it appears that Young's probation was revoked[3] and that he is incarcerated at the Milwaukee County House of Corrections.

Accompanying, Young's petition is a request to proceed *in forma pauperis.* Under Rule 3 of the Rules Governing § 2254 Cases, a petitioner is required to file an

---

[1] Although Young filed his petition on the § 1983 complaint form and used the § 2241 caption page, because he "is in custody pursuant to a state court judgment" and "wishes to challenge [some]thing affecting that custody," he must bring his case under § 2254.

[2] Apparently, the incarceration portion of Young's sentence was stayed.

[3] Although Young does not inform the court of this in the "Subject of the Petition" portion of the petition, this explanation of his first ground for relief makes clear that his probation was revoked for his statement viewed by his agent as a threat to his ex-wife and his failure to sign an affidavit rescinding his right to vote. *See* Pet. For Writ of Habeas Corpus at 8-9.

affidavit of indigence as required by § 1915. Young submitted this affidavit and his Prisoner Trust Account Statement indicating that the ending balance was $ 10.61. The fee to initiate a habeas case is $5.00. Because it appears that Young is unable to pay the $5.00 filing fee, the court finds good reason to grant his request to proceed *in forma pauperis*.

Initially, the court must consider the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Generally, the court reviews whether the petitioner has set forth cognizable constitutional or federal law claims and has exhausted available state remedies. However, in the instant case, the court will not review Young's claims because it is apparent that the relief he is requesting cannot be granted in this proceeding.

Young's request for relief asks this court for "[a]n immediate order to restore me to the martial home (my wife has already lost one property), remove the temp order to allow her possession of 2003 PT Cruiser. Freeze accounts and Security Boxes [sic] at three banks hold [sic] by my wife: Seurant [sic] at 60th + Capitol, Bank Mutual at 49th + Burleigh, and Independence Bank Bay City, MZ [sic]." Pet. for Writ of Habeas Corpus at 12. Upon reviewing the petition, it is clear that Young's requests are barred by the *Rooker-Feldman* doctrine. *See Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Pursuant to this doctrine, lower federal

courts cannot review state court decisions; only the Supreme Court has appellate jurisdiction to reverse or modify a state court judgment. *Holt v. Lake County Bd. of Comm'rs*, 408 F.3d 335, 336 (7th Cir. 2005). District courts have no jurisdiction over "challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." *Feldman*, 460 U.S. at 486; *Leaf v. Supreme Court of Wis.*, 979 F.2d 589, 596 (7th Cir. 1992). The doctrine precludes lower federal courts from exercising jurisdiction "when, after state proceedings have ended, a losing party in state court files suit in federal court complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." *Holt*, 408 F.3d at 336. Similarly, "if the federal injury is 'inextricably intertwined' with the state court judgment, *Rooker-Feldman* bars the federal action." *Crestview Vill. Apartments v. U.S. Dep't of Housing & Urban Dev.*, 383 F.3d 552, 556 (7th Cir.2004).

Because Young is seeking review of the state court's decisions relating to his divorce, this court lacks subject-matter jurisdiction to entertain his claims in accordance with the *Rooker-Feldman* doctrine. In other words, this court has **no authority** to hear this case.

Finally, pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the court must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant." A certificate of appealability will issue "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). An applicant makes a "'substantial showing where reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or

that the issues presented were adequate to deserve encouragement to proceed further.'" *Sandoval v. United States*, 574 F.3d 847, 852 (7th Cir. 2009) (quoting *Arredondo v. Huibregtse*, 542 F.3d 1155, 1165 (7th Cir. 2008)). Here, there is no question that Young fails to make the requisite "substantial showing" as (1) the Rooker-Feldman doctrine leaves the court with no authority to grant Young the relief he seeks.

For these reasons,

IT IS ORDERED that Young's petition and affidavit to proceed without payment of fees and/or costs is granted.

IT IS FURTHER ORDERED that Young's petition for a writ of habeas corpus is denied.

IT IS FURTHER ORDERED that a certificate of appealability is denied.

IT IS FURTHER ORDERED that this case is dismissed.

Dated at Milwaukee, Wisconsin, this 21st day of April, 2011.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U.S. DISTRICT JUDGE